# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In Re:* **C.H. & C.H.**

**No. 12-0778** (Mercer County 11-JA-122 & 11-JA-123)

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel William Huffman, appeals the Circuit Court of Mercer County's order entered on May 31, 2012, terminating his parental rights to his children. The guardian ad litem, John Williams, has filed his response on behalf of the children. The West Virginia Department of Health and Human Resources ("DHHR"), by William Bands, its attorney, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The abuse and neglect petition in this action was filed after Child Protective Services ("CPS") received a referral after the youngest child alleged sexual abuse by the Petitioner Mother's current boyfriend. The sexual abuse was unsubstantiated; however, during the investigation, Respondent Mother admitted that Petitioner Father was incarcerated for attempting to kill her in the presence of the children. Respondent Mother stated that during a parenting time exchange[1], Petitioner Father lured her into the back of the home, tied her up, and raped her while the children where in another room. While attempting to leave, Petitioner Father lured Petitioner Mother into the garage and beat her in the head with a hammer. While attempting to flee she was struck with a brick and then beaten by Petitioner Father. Petitioner Father was indicted on second degree sexual assault, attempted murder, malicious assault, and domestic battery. Petitioner Father pled to the lesser included offense of attempt to commit a felony and unlawful assault.

At the adjudication, the circuit court found that Petitioner Father was not a credible witness and that the domestic violence committed against Petitioner Mother constitutes abuse of the infant children. Furthermore, the circuit court found by clear and convincing evidence that Petitioner Father sexually assaulted Petitioner Mother, creating aggravating circumstances. Following testimony, Petitioner Father's parental rights were terminated. After the circuit court found that there was no reasonable likelihood that the conditions of abuse could be substantially

---

[1] Cheryl and Petitioner Father are divorced and shared custody 50/50.

1

corrected and that the DHHR is not required to make reasonable efforts to maintain the relationship because Petitioner Father sexually assaulted Respondent Mother creating an aggravated circumstance.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.* 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner Father's assignments of error are related and will be addressed together. First, Petitioner Father argues that the circuit court erred in justifying the termination of his parental rights utilizing aggravating circumstances under West Virginia Code § 49-6-5(a)(7)(B)(v), when these circumstances are used to determine disposition custody. Secondly, Petitioner Father argues the circuit court erred in not making a specific finding that the abuse was irreparable. Finally, Petitioner Father argues his parental rights were improperly terminated in light of uncontroverted expert testimony that the domestic violence was a single aberrant act, that he was a good father, and that he was at minimal risk to reoffend.

The guardian ad litem responds in favor of the termination of parental rights. The guardian argues the circuit court clearly followed Rule 36 of the West Virginia Rules for Child Abuse and Neglect Proceedings and West Virginia Code § 49-6-5(a)(7)(A) regarding the disposition hearing. The guardian argues the aggravating circumstances and failure to admit that a diabetic black out did not cause the incident were factors that weighed against an improvement period. The guardian argues Petitioner Father could not complete an anger management or batterers intervention course as part of his improvement period because he has failed to admit that the incident was caused by something besides a diabetic black out.

A review of the record clearly shows that the circuit court found by clear and convincing evidence that the sexual assault created an aggravating circumstance. West Virginia Code § 49-6-5(a)(7)(A) and (B)(v) state, in relevant part, that "the [DHHR] is not required to make reasonable efforts to preserve the family if the court determines . . . [t]he parent has. . . committed sexual assault or sexual abuse of the child, the child's other parent. . ." This Court has held that "'courts are not required to exhaust every speculative possibility of parental

2

improvement . . . where it appears that the welfare of the child will be seriously threatened . . . .' Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, in part, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated:

> "in order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *West Virginia Dept. of Health and Human Resources v. Doris S.*, 197 W.Va. 489, 498, 475 S.E.2d 865, 874 (1996) *In re Kaitlyn P.*, 225 W.Va. 123, 126, 690 S.E.2d 131, 134 (2010).

This Court finds that the circuit court was presented with sufficient evidence upon which it could have found that aggravated circumstances did not require DHHR to make reasonable efforts to preserve the family, that there was no reasonable likelihood that the conditions could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. Likewise, this Court finds no error in the termination of the Petitioner Father's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court and the termination of parental rights is hereby affirmed.

Affirmed.

**ISSUED**: February 11, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II